Also UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL C. JAMERSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16-CV-760 JAR |
| JOHN WILLIAMS, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's motion for leave to file an amended complaint and on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Having reviewed the amended complaint, the Court finds that the motion for leave to amend should be granted. *See* Fed. R. Civ. P. 15(a). Additionally, the Court finds that the amended complaint states a plausible claim for relief with regard to defendants John Williams, Julie Phipps, and George Lombardi.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff alleges that he has Hepatitis C and that defendant Dr. John Williams refuses to provide him with treatment. He further alleges that defendant Julie Phipps is Williams's supervisor and has directed him not to treat plaintiff's disease. He says he is suffering from irreparable liver damage as a result. He claims that defendant George Lombardi, as the Director of the Missouri Department of Corrections, has directed Corizon officials not to treat inmates with Hepatitis C. He also seeks to hold Corizon liable.

Plaintiff requests that the Court certify this case as a class action on behalf of similarly situated inmates at the Missouri Eastern Correctional Center.

## Discussion

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993).

2

The Court finds that the claims against Williams, Phipps, and Lombardi for unconstitutional medical mistreatment should not be dismissed at this time. Therefore, the Court will order the Clerk to serve Phipps and Lombardi with process.

There are no allegations that a policy or custom of Corizon caused plaintiff's injuries. As a result, Corizon must be dismissed.

Plaintiff's request to certify a class action is denied. Under Rule 23(a)(4), a class representative must "fairly and adequately protect the interests of the class." Additionally, a pro se litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654; 7A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1769.1 ("class representatives cannot appear pro se.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint [ECF No. 16] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve defendants George Lombardi (Missouri Department of Corrections) and Julie Phipps (Corizon, Inc.) with process.

**IT IS FURTHER ORDERED** that plaintiff's claims against Corizon, Inc., are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 18th day of August, 2016.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

3