# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

MICHAEL C. JAMERSON,      )
                                )
      Plaintiff,         )
                                )
v.                           )         No. 4:16-CV-00760-JAR
                                )
JOHN WILLIAMS, et al.,     )
                                )
      Defendants.     )

## DEFENDANT LOMBARDI'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS

Defendant George Lombardi, Director of the Missouri Department of Corrections ("Defendant"), by and through counsel, hereby submits his Memorandum in Support of his Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 19) and states as follows:

## Introduction

On August 19, 2016, Michael C. Jamerson ("Plaintiff"), an inmate under the custody of the Missouri Department of Corrections, filed his Second Amended Complaint ("Complaint") against George Lombardi in his official and individual capacities.[1] (Doc 29, ¶ 3). Plaintiff has brought suit under 42

---

[1] Plaintiff states in his Second Amended Complaint that "plaintiff under color of state law and individually, is requesting that George Lombardi, be held responsible (*sic*) and accountable…." (Doc. 19). This is the only portion of the Complaint where Plaintiff appears to make an attempt at identifying in which capacity he is suing the

U.S.C. § 1983 asserting that George Lombardi, Director of the Missouri Department of Corrections, *inter alia*, has violated Plaintiff's rights under the Eighth Amendment of the United States Constitution.

Defendant Lombardi brings this motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure as the Court lacks subject matter jurisdiction on Plaintiff's claims in that Plaintiff lacks standing to bring this suit.  Further, the Court lacks subject matter jurisdiction for Plaintiff's claims for monetary damages against Defendant Lombardi in his official capacity.

Defendant Lombardi also brings this motion under Rule 12(b)(6) as Plaintiff has failed to allege a constitutional violation under  42 U.S.C. §1983 and has failed to allege facts sufficient to support any such claim. Finally, Defendant Lombardi is entitled to qualified immunity on all of Plaintiff's claims.

### Standard of Review

Federal jurisdiction is "limited by Article III of the Constitution to cases or controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of*

---

Defendant.  Because this statement is ambiguous at best regarding in which capacity Defendant is being sued, Defendant is responding as if the suit has been brought against Defendant Lombardi in both his individual and official capacity.  Additionally, the fact that Plaintiff is requesting both injunctive relief and money damages provides further indicia that he has sought to sue Defendant Lombardi in both his official and individual capacities.

*Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011).  In a facial attack on jurisdiction, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Carlsen v. GameStop, Inc.*, 2016 WL 4363162 at *2 (8th Cir. 2016).

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.

3

"Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008).

## Arguments

In the Complaint, Plaintiff asserts that he has hepatitis C ("HCV") and he alleges that he is not receiving treatment for it while he is imprisoned. (Doc. 19, p. 6).  Plaintiff further alleges that George Lombardi, as the "Administrator" for the Missouri Department of Corrections ("MDOC") sets the policies by which the MDOC operates, and also the policies by which Corizon and co-Defendant John Williams operate. (Doc. 19, p. 7).  Finally, Plaintiff appears to complain that he has not been prescribed the drug Harvoni in order to treat his HCV. (Doc. 19).  Plaintiff is seeking both compensatory and punitive damages in the amount of one hundred million dollars. (Doc. 19, p. 11).  Plaintiff also appears to be seeking injunctive relief in the form of medical treatment for his HCV infection. (*Id*.).

## I.   Plaintiff's Claim Of Monetary Damages Against Defendant Lombardi In His Official Capacity Is Barred By The Eleventh Amendment

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Such suits are equivalent to suits "against the State itself." *Id.* "The Eleventh Amendment prohibits a citizen from suing a state for money damages in federal court." *Hopkins v. Saunders*, 93 F.3d 522, 526 (8th Cir. 1996) (citation omitted).

Here, to the extent Plaintiff's Complaint is construed to have named Defendant Lombardi in his official capacity, he has therefore brought claims against the State of Missouri which are barred by the Eleventh Amendment. Therefore, Plaintiff's claims against Defendant Lombardi in his official capacity for money damages must be dismissed.

## II.   Plaintiff Lacks Standing to Bring Suit and Claims must be Dismissed for Lack of Subject Matter Jurisdiction

Plaintiff lacks standing to bring this suit.  There are three requirements to establish constitutional standing. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). First, there must be an injury in fact, which is a harm suffered that is "concrete" and "actual or imminent" and not "conjectural or hypothetical." *Id.* at 103.  Second, there must be causation—a

fairly traceable connection between the alleged injury and the conduct of the defendant. *Id.* And third, "there must be redressability—a likelihood that the requested relief will redress the alleged injury." *Id.* Plaintiff bears the burden of establishing standing. *Id.*

Here, Plaintiff has failed to establish standing because he has failed to allege that he has suffered an injury in fact.  Plaintiff states he suffers from hepatitis C and he claims that the Defendants are refusing to treat him for it. (Doc. 19).  However, he has failed to allege that he has suffered any concrete and actual or imminent harm due to Defendants' alleged conduct, as required by well-established precedent.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Balogh v. Lombardi*, 816 F.3d 536, 541 (8th Cir. 2015).  An injury in fact requires a "concrete and particularized" harm that is "actual or imminent, not conjectural or hypothetical." *Balogh*, 816 F.3d at 541 (quoting *Lujan*, 504 U.S. at 560).  Further, the injury cannot be "too speculative" and must be "certainly impending." *Id.*

Here, there is no allegation that Plaintiff has suffered any type of injury whatsoever. While Plaintiff makes some implications as to speculative injury in the future due to the Defendants' alleged conduct, he makes no allegation of actual harm and no allegation of imminence of harm his immediate health or well-being.  Plaintiff has simply failed to allege any

6

harm that has occurred to him.

Therefore, because the Plaintiff has failed to provide allegations that he has incurred any injury, and thus, failed to establish standing in his claim against Defendant Lombardi, the Court should dismiss Plaintiff's claims against Defendant Lombardi for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## III.   Plaintiff Fails to State a Claim Upon Which Relief Can be Granted Because He Fails to Allege a Cognizable Constitutional Violation to His Eighth Amendment Rights

Plaintiff's failure to plead a constitutional violation under the Eighth Amendment, his failure to plead any injury, and his failure to allege that Defendant Lombardi's actions were constitutionally deficient require dismissal of this suit for failure to state a claim.

### A.   Plaintiff Fails to Allege any Harm or Injury as Required by Eighth Circuit Precedent in Order to Plead a Claim for Eighth Amendment Violation

An action for cruel and unusual punishment under the Eighth Amendment cannot be established "without a showing of some measure of pain of some type." *Cowans v. Wyrick*, 862 F.2d 697, 699 (8th Cir. 1988). "Eighth Amendment precedents have consistently recognized that actual injury is required to state an Eighth Amendment violation." *Cummings v.*

*Malone*, 995 F.2d 817, 822 (8th Cir. 1993).  The Eighth Circuit requires that a

"plaintiff suffer some injury to establish an Eighth Amendment violation…."

*Munz v. Michael* 28 F.3d 795, 800 (8th Cir. 1994).

Plaintiff's Complaint fails to state any allegation of injury. While he

speculates that he may suffer an injury in the future, this is insufficient to

state a claim.  Plaintiff provides no allegation that he has suffered any

physical pain or injury due to the alleged lack of treatment for his HCV.

Without an allegation of any injury, Plaintiff's Complaint fails to state a

claim for an Eighth Amendment violation and therefore must be dismissed

under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B. Plaintiff fails to Plead an Eighth Amendment Violation against Defendant Lombardi

As established in *Estelle v. Gamble*, a constitutional violation occurs if

a state prison official is deliberately indifferent to an inmate's serious

medical needs.  429 U.S. 97, 104 (1976). In the Complaint, Plaintiff has failed

to plead that he has a serious medical need, or that the Defendant is

deliberately indifferent to such need.

Plaintiff alleges that Defendant Lombardi has violated his Eighth

Amendment right to be free from cruel and unusual punishment by allegedly

prohibiting the co-defendant Corizon employees from treating the Plaintiff for

his hepatitis C.  However, Plaintiff's exhibits to his pleading belie his allegation that he has not received treatment.[2]  As the response to his Informal Resolution Request in which he claimed that he was not receiving medical treatment states, the Plaintiff had a medical appointment on September 2, 2015 which determined he did not meet the current established criteria for immediate hepatitis c treatment. (Doc. 19-1, p.2).  The plan of care that Plaintiff was on at the time included "remaining in the Hepatitis chronic care clinic, and to have follow-up lab and physician appointments per clinic guidelines. *Id.*

Plaintiff then changes his allegations on the next step of his prison grievance process to state that he is "not receiving *proper* treatment." (Doc. 19-2, p. 1) (emphasis added).  The response to this grievance noted that Plaintiff's condition and bloodwork was in fact being monitored and he was not being denied medical treatment. *Id.*, p.2.  Therefore, as Plaintiff's own pleadings show, he is in fact being provided with medical treatment by the medical providers contracted by the DOC.  Defendant Lombardi is not prohibiting any medical provider from treating the Plaintiff, as shown by the Plaintiff's exhibits.

---

[2] In considering a motion to dismiss, the Court may consider exhibits attached to the complaint.  *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

9

While Plaintiff may plead disagreement about the treatment he is receiving from the medical providers, "mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). *See also Bender v. Regier*, 385 F.d 1133, 1137 (8th Cir. 2004) ("mere disagreement with the course of [] medical treatment fails to state a claim of deliberate indifference") (internal quotations omitted). In this case, Plaintiff has only pled a mere disagreement with his medical treatment and has failed to sufficiently plead a deliberate indifference claim.

Furthermore, while the Eighth Circuit has noted a hepatitis C infection is "unquestionably a serious medical problem," the proper question is whether or not the Plaintiff has a serious medical need for the specific treatment he is seeking. *Bender*, 385 F.3d at 1137 (discussing in the context of the treatment of HCV with the treatment of interferon). Plaintiff has failed to plead how the treatment he is seeking (i.e. access to the drug Harvoni) establishes a "serious medical need" as required by *Estelle*.

Finally, to the extent the Complaint is requesting a specific type of treatment for his HCV, Plaintiff fails to plead a constitutional violation. It is well established that, under the Eighth Amendment, prisoners "do not have a constitutional right to any particular type of treatment." *Long v. Nix* 86 F.3d

10

761, 765 (8th Cir. 1996) (citing *White v. Farrier*, 849 F.2d 322, 327 (8th Cir. 1988)). "Prison officials do not violate the Eighth Amendment when, in exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." *Id.* (citing *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994)). Because the Plaintiff has simply pled a mere disagreement with his medical treatment, he fails to state a claim.

### C. Plaintiff has Failed to Allege the Necessary Personal Involvement by Defendant Lombardi

Respondent superior is inapplicable to suits brought under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Supervisors…cannot be held vicariously liable under § 1983 for the actions of a subordinate." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1030 (8th Cir. 2012) (quoting *L.L. Nelson Enters. v. Cnty of St. Louis, Mo.*, 673 F.3d 799, 810 (8th Cir. 2012)).  "The general responsibility…for supervising the operation of a [facility] is not sufficient to establish personal liability." *Id.* (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)).

Further, liability under a suit brought under 42 U.S.C. § 1983 requires "a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (stating that prisoner must allege

11

defendants' personal involvement or responsibility for the constitutional violations to state a § 1983 claim); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir.1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Plaintiff's Complaint fails to allege if and how Defendant Lombardi is directly responsible for any alleged deprivation of rights. Furthermore, Plaintiff fails to make any allegation that Defendant Lombardi had any causal connection to Plaintiff's claim of deprivation of medical care.  Without any allegation by Plaintiff that Director Lombardi was directly responsible for or had any causal connection to the alleged deprivation of rights of the Plaintiff, the Plaintiff fails to state a claim against Defendant Lombardi in either his official or individual capacity.  Because Defendant Lombardi cannot be held vicariously responsible for any alleged constitutional violations committed by his subordinates, or the co-defendants, and because Plaintiff has failed to alleged direct involvement of Defendant Lombardi, Plaintiff fails to state a claim upon which relief can be granted.

## IV.    Defendant Lombardi is Entitled Qualified Immunity

Defendant Lombardi is entitled to qualified immunity because Plaintiff has failed to plead the violation of a clearly established constitutional right.

Qualified immunity shields a public official from liability when his conduct does not violate clearly established rights of which a reasonable person would have known. *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009). To determine whether qualified immunity applies, courts examine two factors: 1) whether there has been a violation of a constitutional or statutory right, and 2) whether the right was clearly established such that a reasonable official would have known that his actions were unlawful. *Id.* (citing *Pearson v. Callahan* 555 U.S. 223, 232 (2009)).

As a matter of public policy, qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 335-36 (1986). Qualified immunity gives ample room for mistaken judgments. *Hunter v. Bryant*, 502 U.S. 224, 229 (1991). This accommodation exists so that officials are not forced to err on the side of caution for fear of being sued. *Id. See also Littrell v. Franklin*, 388 F.3d 578, 582 (8th Cir. 2004) (if an official's mistaken judgment was objectively reasonable in light of the information he or she possessed at the time of the alleged violation, then the officer is entitled to the qualified immunity defense).

As discussed above, Plaintiff has failed to establish that there was a violation of his constitutional right.  However, even if Plaintiff has properly

pled a constitutional violation, Defendant is entitled to qualified immunity because that constitutional right has not been clearly established. Specifically, there is no case law or any other type of precedent stating that a prisoner who has HCV is entitled to the medication that Plaintiff is seeking. And, generally, there is not even clear precedent stating that a state prisoner is entitled to any specific treatment for any medical condition. As noted above, precedent establishes the opposite, that prisoners do not have a constitutional right to any specific type of medical treatment.   *See Long,* 86 F.3d at 765.  Consequently, a reasonable official would not know that preventing medical personnel from providing a specific treatment would violate the constitutional rights of the Plaintiff.   Because Plaintiff has not pled the violation of a constitutional right, and because any constitutional right was not well-established, Defendant Lombardi is entitled to qualified immunity.

## Conclusion

Because the Plaintiff fails to establish standing to bring this lawsuit, and because the Plaintiff fails to state a claim upon which relief can be granted, and because Defendant Lombardi is entitled to qualified immunity, Defendant Lombardi respectfully requests this Court dismiss Plaintiff's Complaint and grant any further relief the Court deems just and proper.

Respectfully submitted,

**CHRIS KOSTER**
Missouri Attorney General

_/s/ Jeff Spahr_
Jeff Spahr #65614MO
Assistant Attorney General
Missouri Attorney General's Office
P.O. Box 861
St. Louis, MO 63188
Phone:  (314) 340-7861
Fax:  (314) 340-7029
Email: Jeff.Spahr@ago.mo.gov
_Attorneys for Defendant  Lombardi_

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2016, the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system. I further certify the foregoing was sent, via first class United States mail, postage prepaid, to:

Michael C. Jamerson, #179555
Missouri Eastern Correctional Center
18701 Old Hwy 66
Pacific, MO 63069

_Plaintiff Pro Se_

_/s/ Jeff Spahr_
Jeff Spahr
Assistant Attorney General

15