**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL C. JAMERSON, ) | |
| ) | |
|     Plaintiff, ) | Case No. 4:16-cv-00760-JAR |
| ) | |
| v. ) | |
| ) | |
| JOHN WILLIAMS, et al., ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT</u>**

Plaintiff Michael C. Jamerson ("Plaintiff") is a prisoner currently incarcerated at Missouri Eastern Correctional Center who suffers from the Hepatitis C virus ("HCV") and receives inadequate medical treatment from the Missouri Department of Corrections and its medical staff. Plaintiff's newly-retained counsel now seek leave from this Court to file a third amended complaint for reasons discussed below.

**PROCEDURAL BACKGROUND**

Plaintiff filed this lawsuit on May 27, 2016, and has been litigating the matter pro se. *See* Doc # 1. Plaintiff twice moved for appointment of counsel, but both motions were denied. *See* Doc # 6, 15, 17. Although Plaintiff filed a second amended complaint in August (Doc # 19, the "Complaint"), no case management or scheduling order has yet been entered. On October 17, defendant George Lombardi filed a motion to dismiss the Complaint. Doc # 33-34. The other defendants, Julie Phipps and John Williams (the "Medical Defendants"), filed an answer on

1

September 16. *See* Doc # 27. Subsequently, on October 25, the Medical Defendants filed a motion to dismiss. *See* Doc # 36-37.[1]

Plaintiff very recently retained the MacArthur Justice Center at St. Louis to represent him pro bono. Counsel have promptly filed this motion for leave to amend.

## LEGAL STANDARD

Under the Federal Rules, leave to amend a complaint should be "freely given when justice so requires." FED. R. CIV. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded.").

## ARGUMENT

To date, Plaintiff has litigated this action pro se. Although he has done a commendable job, he is not trained as an attorney, and conducted his work with limited resources operating within the limiting confines of the Missouri Department of Corrections. Plaintiff's newly-retained counsel must further investigate and amend the Complaint as appropriate to address, among other things, the arguments raised in Defendants' dispositive motions (Doc # 33-34 and 36-37). Such an amendment is appropriate where, as here, a plaintiff previously proceeding pro se has recently retained counsel. *See, e.g., Lackey v. Wells Fargo Bank, N.A.*, No. 11-01067-CV-W-DGK, 2012 WL 1144592, at *1 (W.D. Mo. Apr. 4, 2012) (granting leave to amend where plaintiff had recently retained counsel, and sought to reframe his legal claims and add defendant).

---

[1] Although undersigned counsel informed Defendants' counsel of their intent to file entries of appearance in this case yesterday, they did not receive notice of the Medical Defendants' motion to dismiss. For that reason, the motion filed contemporaneously herewith (Doc # 39) does not mention Medical Defendants' motion. Plaintiff's counsel since became aware of the Medical Defendants' motion to dismiss, and asks that this Court hold both motions to dismiss in abeyance pending filing of a third amended complaint.

2

Counsel respectfully requests 60 days to amend the Complaint. This time is very much needed in order for counsel to acquaint themselves with the claims at hand, including a possible class action as alluded to in Plaintiff's earlier filings (see, e.g., Doc # 6, 19), and obtain and review Plaintiff's relevant medical history to assess the basis for any claims. Plaintiff's counsel further asks that, in the interest of conserving the parties' and the Court's resources, the pending motions to dismiss (Doc # 33-34 and 36-37) be held in abeyance for that 60-day period.

This motion is brought in good faith, and not for purposes of delay. Further, no party will be unduly prejudiced were this amendment allowed. Plaintiff has attempted to assert claims related to violations of his constitutional rights. He should be granted the opportunity to amend his claims, now with the aid of counsel, to ensure that he is afforded an opportunity to test his claims on the merits. This is especially true here, where the Court seems to have acknowledged that Mr. Jamerson's claims have merit. *See* Doc # 17.

On October 25, Plaintiff's counsel contacted Defendants' counsel to request consent in this motion. Defendant George Lombardi does not consent to the relief requested herein. Defendants Julie Phipps and John Williams did not respond to counsel's request.

## CONCLUSION

For the foregoing reasons, Plaintiff Michael C. Jamerson respectfully requests that this Court enter an order: (1) granting Plaintiff leave to file a third amended complaint on or before December 28, 2016; (2) holding Defendants' motions to dismiss (Doc # 33-34 and 36-37) in abeyance until further order of the Court; and (3) granting such other relief as is just and appropriate.

Date: October 26, 2016                          Respectfully submitted,

MACARTHUR JUSTICE CENTER AT ST. LOUIS
3115 South Grand Blvd., Suite 300
St. Louis, MO 63118
Phone: (314) 254-8540
Fax: (314) 254-8547

By: /s/ Mae C. Quinn                            By: /s/ Amy E. Breihan
    Mae C. Quinn, #61584                          Amy E. Breihan, #65499
    mae.quinn@macarthurjustice.org                amy.breihan@macarthurjustice.org

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of October, 2016, a true and correct copy of the foregoing notice was electronically filed using the Court's online case filing system, which will send notice to all counsel of record.

By: /s/ Amy E. Breihan